UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LARRY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-01521-JRO-MJD |
| | ) | |
| KENNY STEPHENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Larry Bell, who is currently incarcerated at Pendleton Correctional Facility, alleges in this case that he was subjected to excessive force at New Castle Correctional Facility ("NCCF") when he was suicidal. Before the Court acted on his original complaint, Bell filed a motion for leave to file an amended complaint. That motion is granted. Because the plaintiff is a "prisoner," this Court must screen the amended complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE AMENDED COMPLAINT

Bell names the following defendants: Lieutenant Kenny Stephens, Sergeant Nicole Rucker, Officer Murray, and Nurse Chelsie Boyce. His factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

Bell is housed in the mental health unit at NCCF. He has a history of self-harm and was on suicide watch during the incident at issue. On July 18, 2024, Bell told Lt. Stephens that he was experiencing suicidal thoughts and requested help. Lt. Stephens dismissed his concerns and threatened to use chemical agents on him. Later that day, Bell did attempt suicide by cutting his arm. In response, Sergeant Rucker and Lt. Stephens sprayed their entire cans of OC spray into Bell's cell. Then, two additional cans were sprayed into his cell. Bell was then put in restraints and a wheelchair. On the way to the ambulance, Bell heard Lt. Stephens tell Sgt. Rucker and Officer Murray to "slam" him, which all three defendants did, injuring his wrist, ribs, and ankle. Bell was then taken to the hospital by ambulance, where he refused treatment. Bell contends that the

actions of Lt. Stephens, Sgt. Rucker, and Officer Murray amount to excessive force and intentional infliction of emotional distress.

After his return to NCCF, he told Nurse Boyce that his ribs hurt and she set up an x-ray, but the x-ray tech said he didn't see anything. Bell kept requesting treatment for his pain and asked for another x-ray. He eventually had another x-ray, which showed a fracture. Bell alleges that Nurse Boyce knew his ribs were fractured but refused to treat this injury or associated pain. He contends that Nurse Boyce exhibited deliberate indifference to his injuries.

## III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, Bell's claim that Lt. Stephens disregarded his complaints of suicidal thoughts and he later acted on those thoughts, **shall proceed** as an Eighth Amendment deliberate indifference claim. His claims against Lt. Stephens, Sgt. Rucker, and Officer Murray **shall proceed** as Eighth Amendment excessive force claims. His intentional infliction of emotional distress claims against these defendants **shall proceed** under Indiana law.

The claim against Nurse Boyce is dismissed without prejudice as misjoined to the excessive force claims. The Seventh Circuit has explained that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of

them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Bell's claim that Nurse Boyce failed to treat his injuries is not directly related to his claim that the defendants used excessive force against him, either factually or legally. This claim will require development of facts related to his treatment after his return to NCCF from the hospital and the application of the deliberate indifference to medical standard under the Eighth Amendment, rather than the excessive force standard. That claim therefore cannot proceed in this case.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 30, 2026,** in which to file a motion to reconsider the screening order.

If Bell wishes to ask the Court to open a new lawsuit based on his claims against Nurse Boyce, he shall have **through October 30, 2026**, to file such a motion. Any new case will be subject to the filing fee and screening requirement.

## IV. CONCLUSION AND SERVICE OF PROCESS

Bell's motion to amend, dkt. [9], is **granted**. The clerk shall re-docket the proposed amended complaint, dkt. [9-1], as the amended complaint.

The following claims are proceeding in this action: Bell's excessive force claims against Lt. Stephens, Sgt. Rucker, and Officer Murray. All other claims have been dismissed. The **clerk shall add** Sergeant Nicole Rucker and Officer

Joseph Murray as defendants and remove Chelsie Boyce as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [9-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 9/28/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

LARRY BELL
119910
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Lieutenant Kenny Stephens
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Sergeant Nicole Rucker
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Officer Joseph Murray
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Courtesy copy to:

Adam Garth Forrest
BBFCS ATTORNEYS
27 North Eighth Street
Richmond, IN 47374